UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEWAYNE GEE,

Plaintiff,

v.

JP MORGAN CHASE BANK,
*et al.*,

Defendants.

Case No. 25-11598
Honorable Robert J. White
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION
TO GRANT DEFENDANTS' MOTIONS TO DISMISS
(ECF NOS. 13, 16)**

---

## I.    Introduction and Background

Plaintiff Dewayne Gee, proceeding pro se and in forma pauperis, sues Defendants JP Morgan Chase Bank (Chase Bank) and Discover Financial Services (Discover), asserting claims under the Fair Credit Reporting Act (FCRA).  ECF No. 1.  The Honorable Robert J. White referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 8.

Discover and Chase Bank move to dismiss Gee's claims under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 13; ECF No. 16.  The Court **RECOMMENDS** that defendants' motions be **GRANTED** and this action be **DISMISSED WITH PREJUDICE.**

## II.    Analysis

### A.

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff

2

and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678.  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id*., and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).  Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs*., 679 F.3d 433, 437-38 (6th Cir. 2012).

### B.

Gee alleges that both Discover and Chase Bank violated the FCRA. ECF No. 1.  He claims that in response to his "formal FCRA request under 15 U.S.C. §§ 1681s-2 and 1681g, Discover failed to produce a signed application, personal guarantee, or any legally binding agreement," and continued reporting a "negative trade line" on his credit report, in violation of the FCRA.  *Id.,* PageID.7.  And Gee asserts that Chase Bank falsely reported a business credit card on his personal credit report and that, even though he disputed that account "through the credit reporting agencies," Chase Bank "continued to report inaccurate information, violating 15 U.S.C. § 1618s-2(b)" of the FCRA.  *Id*.

3

Section 1681g provides Gee with no private right of action against Discover. *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 616 (6th Cir. 2012) (the FCRA provides a "private right of action against a furnisher [of credit information], but only for failing to comply with … § 1681s-2(b)."); *Burrell v. DFS Svs., LLC*, 753 F. Supp. 2d 438, 445 (D.N.J. 2010) ("[T]he only portion of the FCRA that an individual consumer can enforce against his or her creditors is found in § 1681s-2(b).").

And Gee states no claim against Discover or Chase Bank under § 1681s-2(b). "Under the FCRA, those who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information; and (2) to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished." *Downs v. Clayton Homes, Inc*., 88 F. App'x 851, 853 (6th Cir. 2004) (citing 15 U.S.C. § 1681s-2)). For a private right of action "under § 1681s-2(b), the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed." *Id.; see also Brown v. Wal-Mart Stores, Inc., 507* F. App'x 543, 547 (6th Cir. 2012) ("A private cause of action against a furnisher of information does not arise until a consumer reporting agency provides proper notice of a dispute.").

4

This means that a furnisher of credit information, like Discover or Chase Bank, "has no responsibility to investigate a credit dispute until *after* it receives notice from a consumer reporting agency.  Under the statutory language, notification from a consumer is not enough."  *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 784 (W.D. Ky. 2003) (emphasis in original).

Gee's § 1681s-2(b) claim against Discover is doomed because he does not allege that he reported any dispute to a credit reporting agency or that Discover received notification from any credit reporting agency concerning the existence of a dispute.  ECF No. 1, PageID.7.  Nor does he state a viable claim under § 1681s-2(b) against Chase Bank.  Although he claims that he disputed the account at issue to unspecified "credit reporting agencies," he does not allege that Chase Bank received notification from any credit reporting agency concerning the existence of a dispute.  ECF No. 1, PageID.7.

Gee claims in his response that he alleges that defendants received notice of his dispute from "one or more" credit reporting agencies.  ECF No. 19, PageID.70, 71.  But his complaint does not include those allegations, and Gee did not move for leave to amend his complaint.  *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020)

5

("If plaintiffs believe they need to supplement their complaint with additional facts to withstand a motion to dismiss, they have a readily available tool: a motion to amend the complaint under Rule 15.  They cannot amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint.") (cleaned up).  Gee's FCRA claims against Discover and Chase Bank should be dismissed.

## III.    Conclusion

The Court **RECOMMENDS** that defendants' motions to dismiss (ECF Nos. 13 and 16) be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 15, 2025

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And

only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 15, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager